BEFORE THE FIRST DIVISION

JANUARY 11, 1950

**No. 53913.**—Ed Bounds, Jr. *v.* United States, petitions 6601–R, etc. (Laredo).

The following memorandum, in which OLIVER, Chief Judge, concurred, accompanied the order denying motion to set aside submission, reopen the trial for all purposes, and restore the case to the next Laredo, Tex., docket:

MOLLISON, Judge: I have carefully examined the record made at the trial of these cases in Laredo and Houston, Tex., as well as the motion and memorandum offered in support thereof on behalf of the respondent and the affidavit in opposition thereto offered by counsel for the petitioner, and conclude that the motion for an order vacating the submission and reopening the case for all purposes should be denied. In so doing, I would like to note the following as reasons for this action:

It is apparent from a reading of the stenographic transcript of the minutes taken at Laredo and at Houston that the respondent's attorney was apprized of the existence of a certain Jose de Jesus Gomez, and of what he might testify prior to the trial of the case. Government counsel elected to proceed to trial without the testimony of the said Gomez, and in this connection the memorandum submitted for the respondent in support of the motion actually contains many statements which warrant an immediate denial of the motion.

Respondent's memorandum on page 3 contains the following statement:

\* \* \* The case was then submitted with these vitally necessary facts not before the court.

It is noted that the submission spoken of was wholly voluntary.

It appears that said Gomez was, and no doubt is, beyond the jurisdiction of the United States Customs Court, and there is no showing in the memorandum that the said prospective witness has expressed his unequivocal consent and willingness to come to the United States and submit himself as a witness. There is no definite showing that the respondent or its agents actually know the present whereabouts of the said Gomez and there is nothing which would lead the court to believe that the said Gomez would be available at any definite time and place for the taking of his deposition.

There is nothing in the memorandum offered in support of the motion as to what material and relevant facts the said Gomez would testify to, and no showing that such testimony would help the respondent or that such testimony would make any difference in the result which might be arrived at in the case.

I observe that the matters set forth in the memorandum in support of the motion are such that they should have been included in an affidavit executed by some person having knowledge of the facts.

I find no proper showing of facts which would warrant delaying the completion of the trial and conclusion of the case; and no showing sufficient to justify setting aside the submission and reopening the case for all purposes.

DISSENTING OPINION

COLE, Judge: These petitions for remission of additional duties, all of which were consolidated for trial by consent of the parties, were heard and submitted before me on the recent Texas circuit, with hearings at Laredo and Houston.

The case was fully tried at Laredo, as the record discloses, and deliberately submitted at that port without the slightest indication on the part of counsel for either side that additional testimony was essential for proper disposition of the issues. As petitioner's affidavit discloses, counsel for petitioner almost immedi-

ately after submission of the case at Laredo discovered that he neglected to ask petitioner the usual formal questions as to whether there was any intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise, as required under the provisions of section 489 of the Tariff Act of 1930, invoked in these proceedings.

When I, then presiding over the case, was contacted by telephone and requested to reopen the case for the said purpose, I agreed to do so at the most convenient place, which was Houston on the same Texas circuit. At that time, the court knew nothing about the Government's desire to have the submission vacated for the purpose of offering additional testimony. It was not until later, when the case was being considered at Houston and counsel for petitioner entered the formal request to set aside the submission for the purpose of asking his witness (petitioner) the questions hereinabove indicated, that Government counsel asked for the right to present additional testimony.

I was not in sympathy with the Government's request and felt that if ample time had not been provided for a case such as this, which had been on dockets of this court for a considerable period of time, then provision should have been made for an earlier arrival of counsel, preliminary to the trials of cases at the several ports included within the circuit.

Because of the allegations and statements made in the memoranda submitted herein, and my desire, even at the expense of further delay of the present case which has already been pending for a considerable length of time, to have the record in litigation of this character, house all pertinent and relevant facts and circumstances dealing with the subject involved an ORDER should be issued granting the motion and vacating the submission of the case, leaving its future assignment to such docket as the chief judge, in his discretion, deems proper.